# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ROMAINE R. TOLBERT, | ) CASE NO. 1-25-cv-00107-JJH |
| | ) |
| | ) JUDGE HELMICK |
| Petitioner, | ) |
| | ) |
| v. | ) MAGISTRATE JUDGE |
| | ) CARMEN E. HENDERSON |
| ACTING WARDEN HAROLD MAY[1], | ) |
| | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Respondent, | ) |

## I. Introduction

Petitioner, Romaine R. Tolbert, an Ohio prisoner currently serving an aggregate fifteen-year sentence for involuntary manslaughter, child endangerment, offenses against a human corpse, tampering with evidence, and kidnapping, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on November 2, 2024. Respondent, Warden Harold May, has moved to dismiss Tolbert's petition as untimely because Tolbert's claim is time-barred by the AEDPA statute of limitations. (ECF 9 at 12, PageID#: 47).

This matter is before me by an automatic order of reference under Local Rule 72.2 for preparation of a report and recommendation on Tolbert's petition and other case-dispositive motions. Because Tolbert's petition was not filed within the one-year limitations period under 28

---

[1] Warden Harold May should be substituted as Respondent in this case, in accordance with Fed. R. Civ. P. 25(d). Tolbert is currently incarcerated at the Mansfield Correctional Institution. *See* https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A774911 (last accessed July 21, 2025). Harold May is the warden of that Institution and is the proper Respondent in this case.

1

U.S.C. § 2244(d)(1) and because Tolbert is not entitled to equitable tolling, I recommend that the Court GRANT Warden May's motion and dismiss the petition in its entirety.

## II. Procedural History

### A. State Conviction

On January 14, 2019, a Cuyahoga County, Ohio grand jury indicted Tolbert, in case number CR-19-636261-B, on one count of murder, in violation of Ohio Rev. Code § 2903.02(B). (ECF No. 9-1 at 6, PageID#: 69). Tolbert was indicted under ten additional counts, including one count of permitting child abuse, in violation of Ohio Rev. Code § 2903.15(A) (count 2), two counts of felonious assault, in violation of Ohio Rev. Code § 2903.11(A)(1) (counts 3 and 4), three counts of endangering children, in violation of Ohio Rev. Code §§ 2919.22(B)(1) and 2919.22(A) (counts 5, 6, and 8), one count of involuntary manslaughter, in violation of Ohio Rev. Code § 2903.04(A) (count 7), one count of gross abuse of a corpse, in violation of Ohio Rev. Code § 2927.01(B) (count 9), one count of tampering with evidence, in violation of Ohio Rev. Code § 2921.12(A)(1) (count 10), and one count of kidnapping, in violation of Ohio Rev. Code § 2905.01(B)(2) (count 11). (*Id*. at 7-10, PageID #: 70-73). On April 11, 2019, Tolbert pleaded not guilty to all charges. (*Id*. at 11, PageID #: 74). On October 30, 2020, Tolbert was found not guilty of murder, permitting child abuse, felonious assault, endangering children (counts 1, 2, 3, 4, 5, and 6). (*Id*. at 12, PageID #: 75). The jury returned a verdict of guilty on the charges of involuntary manslaughter, endangering children, offenses against a human corpse, tampering with evidence, and kidnapping (counts 7, 8, 9, 10, and 11). (*Id.*) On December 8, 2020, the court sentenced Tolbert to 11 years as to count 7, 3 years as to count 8 to run concurrently to count 7, 1 year as to count 9 to run consecutively to count 7, 3 years as to count 10 to run concurrently to count 7, and 3 years as to count 11 to run consecutively to counts 7 and 9. (*Id*. at 13-14, PageID #: 76-77). The court imposed a consecutive

prison sentence at the Lorain Correctional Institution of 15 years, finding that the consecutive sentences were not disproportionate to the seriousness of Tolbert's conduct; that it was necessary to protect the public or to punish the defendant; and that at least two of the offenses were committed as part of one or more courses or conduct, and the harm was so great that that no single prison term for any of the offenses adequately reflects the seriousness of the conduct. (*Id.*)

      **B.**      **Direct Appeal to the Eighth District Court of Appeals**

On January 25, 2021, Tolbert filed an untimely notice of appeal with new counsel, attorney Susan J. Moran. On the same day, Tolbert filed a motion for delayed appeal, because counsel had "incorrectly recorded the sentencing date as December 28, 2020." The Court of Appeals granted the motion on February 2, 2021. On May 18, 2021, Susan J. Moran filed a motion to withdraw as counsel of record, which the Court of Appeals granted on May 19, 2021. The Court further appointed the State of Ohio Public Defender to represent Tolbert on appeal and ordered that appellant's brief was due on or before June 22, 2021. On May 25, 2021, Stephen P. Hardwick filed a notice of substitution of counsel for Romaine Tolbert. On August 23, 2021[2], Tolbert filed a merit brief and assigned two errors to the trial court:

> 1. The trial court erred by convicting Mr. Tolbert of involuntary manslaughter when the evidence was insufficient to convict.
>
> 2. The trial court committed plain error by imposing consecutive sentences without making the findings required by R.C. 2929.14(C)(4).

(ECF No. 9-1 at 41, PageID #: 104).

On January 27, 2022, the Court of Appeals overruled Tolbert's first assignment of error regarding Count 7, because there was sufficient circumstantial evidence in the record. (ECF No.

---

[2] The appellate court granted Tolbert an extension until August 23, 2021 to file assignments of error and his merit brief. (ECF No. 9-1, PageID #: 421, Ex. 47).

9-1 at 88, PageID #: 151). The Court sustained Tolbert's second assignment of error, because the trial court did not adequately compare the sentence imposed with the seriousness of the offender's conduct and the danger the offender poses to the public. Accordingly, the Court remanded the case for resentencing.

### C. Resentencing

On June 8th, 2022, Judge William McGinty conducted a limited resentencing hearing with Tolbert and his representative, Stephen Hardwick, in attendance. (ECF No. 9-1 at 136, PageID #: 199). at 136, PageID #: 199).

On July 8th, 2022, Attorney Hardwick filed a notice of appeal from the resentencing on Tolbert's behalf, along with a motion for new counsel, and a notice of intent to supplement. (ECF No. 9-1 at 138-146, PageID #: 201-209, Exs. 23–25). Tolbert also filed a request for the record to the clerk of the trial court. (*Id.* at 150, PageID #: 213).

On July 20, 2022, the Appellate Court granted the motion for appointment of new appellate counsel and appointed Eric Levy to represent Tolbert. (*Id.* at 156, PageID #: 219). Attorney Levy filed a brief on Tolbert's behalf on October 11, 2022, assigning the following errors:

> 1. The trial court erred when it failed to conduct a complete resentencing hearing and when it failed to issue credit for time served and failed to orally order post release control and the imposition of court costs which were imposed in the sentencing entry.
>
> 2. The trial court erred when it imposed consecutive sentences which are not supported by the record and are contrary to law.
>
> 3. The trial court erred by imposing sentences for felonies of the fifth and third-degree stated in terms of years and not months which is contrary to law under R.C. 2929.14(A) which only authorizes that sentence be imposed in specific monthly intervals.

(ECF No. 9-1 at 165, PageID #: 228).

4

On February 23, 2023, the court of appeals overruled all the assignments of error and held that the trial court properly conducted resentencing. (ECF No. 9-1 at 223, PageID #: 286).

### D. Ohio Supreme Court

On July 20th, 2023, Tolbert, pro se, moved for leave to file a delayed appeal and filed an untimely notice of appeal to the Supreme Court of Ohio regarding the first assignment of error in his initial appeal from May of 2021 ("The trial court erred by convicting Mr. Tolbert of involuntary manslaughter when the evidence was insufficient to convict.") (ECF No. 9-1, Exs. 19 and 20). The Supreme Court denied Tolbert's motion for delayed appeal and dismissed the cause on September 12, 2023. (*Id*. at 135, PageID #: 198).

### E. Petition to Vacate

On May 1, 2023, Tolbert filed a petition to vacate or set aside judgment of conviction or sentence in the Cuyahoga County Court of Common Pleas. (ECF No. 9-1 at 224, PageID #: 287). The State filed an answer on July 19, 2023. (*Id.* at 245, PageID #: 308). Tolbert filed a supplemental petition to vacate or set aside judgment (*Id.* at 258, PageID #: 321), a motion to strike the State's untimely motion (*Id.* at 266, PageID #: 362), and a motion for default judgment also concerning the State's untimely motion (*Id.* at 270, PageID #: 333).

On August 7, 2023, Tolbert filed a motion to compel production of communication records. (*Id.* at 316, PageID #: 379). On September 1, 2023, the State filed a brief in opposition to Tolbert's motion to strike and void plaintiff's untimely motion and motion for default judgment. (*Id.* at 274, PageID #: 337). On September 7, 2023, the trial court denied Tolbert's motion to strike and motion for default judgment. (*Id.* at 277, PageID #: 340). The State filed a supplemental answer to the petition for post-conviction relief on October 31, 2023. (*Id.* at 278, PageID #: 341). On November 17, 2023, the court filed a finding of fact and conclusion of law order, and denied and dismissed

5

Tolbert's petition for post-conviction relief. Tolbert filed a response to the State's supplemental answer on November 22, 2023. (*Id.* at 301, PageID #: 364).

### F. Motion for New Trial

On March 14, 2025, Tolbert, pro se, filed a motion for a new trial demanding an evidentiary hearing in the Cuyahoga County Court of Common Pleas, along with a motion for an order for leave to file a new trial motion. (ECF No. 9-1 at 320, PageID #: 383); (*Id.* at 329, PageID #: 392). Tolbert filed an additional motion for a new trial demanding an evidentiary hearing on April 29, 2025, and a motion for an order for leave to file a new trial motion. (ECF No. 10-1 at 1, PageID #: 2078); (*Id.* 10-1 at 9, PageID #: 2086). On April 30, 2025, Tolbert filed another motion for an order for leave to file a new trial motion. (*Id.* at 22, PageID #: 2099).

On May 9, 2025, the trial court denied Tolbert's motion for a new trial. (ECF No. 10-1 at 26, PageID #: 2103). On May 20, 2025, Tolbert filed a supplemental motion demanding a new trial with the Cuyahoga County Court of Common Pleas. (*Id.* at 27, PageID #: 2104).

### E. Petition for Writ of Habeas Corpus

On January 21, 2025, Tolbert petitioned this court under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. Tolbert's petition asserted the following grounds for relief:

> **Ground One:** Ineffective assistance of counsel by trial attorney Edwin Vargas.
>
> **Supporting Facts:** Att. E. Vargas failed to conduct investigations properly, never presented a defense, lied and manipulated facts given to the defendant.
>
> **Ground Two:** Insufficient Evidence / Manifest Weight
>
> **Supporting Facts:** Mitigating and exculpatory evidence was withheld showing the State's facts were erroneous; testimony was perjury and the defendant is innocent.

> **Ground Three:** Prosecutorial Misconduct
>
> **Supporting Facts:** The state of Ohio presented perjured testimony, illegal evidence, and erroneous facts during trial and jury deliberations.

(ECF No. 1 at 1-9, PageID #: 1-9).

Respondent filed a return of writ on May 27, 2025. (ECF No. 9). On July 7, 2025, this Court established a final deadline of August 7, 2025, to file a traverse. As of the date of this Report and Recommendation, Tolbert has not responded to the return of writ. This Court proceeds to consider the writ.

### III. Law and Analysis

#### A. Statute of Limitations under AEDPA

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations upon all applications seeking a writ of habeas corpus under 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A conviction becomes final under § 2244(d)(1)(A) when direct review concludes, not when the petitioner has exhausted all state remedies. *See Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001); *see also Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000) (noting that the one-year limitations period under § 2244(d)(1)(A) does not begin to run until the day after the petition for a writ of certiorari was due in the Supreme Court). A judgment is final when the time to file a direct appeal to the state appellate court expires, unless the state appellate court grants a motion to file an out-of-time appeal. *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009). An Ohio criminal defendant has 30 days from the date his conviction and sentence become final to file a timely direct appeal. Ohio R. App. P. 4(A). The habeas one-year statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Lopez v. Wilson*, 426 F.3d 339, 351-52 (6th Cir. 2005) (*en banc*) (holding that a motion to reopen under Ohio R. App. P. 26(B) is a collateral proceeding). A post-conviction relief petition is considered "properly filed" only if it meets the applicable state rules governing filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Walker v. Smith*, 360 F.3d 561, 563 (6th Cir. 2004). "[T]ime limits, no matter their form, are 'filing' conditions." *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Untimely post-conviction petitions or other collateral motions do not toll the AEDPA statute of limitations, despite any exceptions to the timely filing requirement that might exist under state law. *See id.* at 413-14.

    B. **Untimely Petition**

Tolbert writes that "as to my knowledge and understanding I am within my limit." (ECF 1 at 13, PageID #: 13). The Warden argues that the AEDPA statute of limitations ran from April 11, 2023, until May 1, 2023, when Tolbert filed his petition for post-conviction relief, and began again

8

on November 18, 2023. (ECF. 9 at 10, PageID #: 45). The Warden claims that Tolbert's November 2nd filing is outside the statute of limitations as it was filed after 370 days instead of within the year required by the statute. (*Id*).

Tolbert's conviction became final on April 10, 2023, 45 days after the Ohio Court of Appeals issued its decision on February 23, 2023, affirming Tolbert's convictions and overruling all assignments of error. *See* Sup. Ct. Rule 7.01(A)(1)(a)(i) (The appellant shall file a notice of appeal in the Supreme Court within forty-five days from the entry of the judgment being appealed.) The AEDPA statute of limitations began to run on April 11, 2023. On May 1, 2023, Tolbert filed a petition for post-conviction relief in the Cuyahoga County Court of Common Pleas. The statute of limitations was tolled while Tolbert's application was pending. *See* 28 U.S.C. § 2244(d)(2). This petition stopped the clock of the habeas one-year limitations period, when 21 days of the limitations period had already expired.

The trial court denied Tolbert's post-conviction petition on November 17, 2023. The limitations period resumed on November 18, 2023. The AEDPA clock resumed with 344 days remaining. Tolbert had until October 28, 2024, to timely file his federal habeas petition. Tolbert, however, did not file the instant petition until November 2, 2024.[3] The statute of limitations had expired by the time Tolbert filed.

### C. Equitable Tolling

---

[3] In accordance with the prison mailbox rule, the date is measured from when Tolbert signed and placed his petition in the prison mailing system, recorded on the petition as November 2, 2024 (ECF No. 1-1 at 15). However, the Court received the petition on January 25, 2025. (ECF No. 1). Additionally, the envelope was postmarked January 3, 2025 (ECF No. 1-1 at 16). Thus, the Court notes that it is unlikely that the petition was placed into the prison mailing system on November 2, 2024. Nevertheless, even if this Court used the date of November 2, 2024, as the date of filing, this falls outside the limitations period and Tolbert's petition is untimely.

However, this does not end the inquiry, the court must now consider whether Tolbert is entitled to equitable tolling. Because AEDPA's statute of limitations is not jurisdictional, it is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). If a petitioner seeks equitable tolling, he must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id*. at 649 (quoting *Pace*, 544 U.S. at 418). The unavailability of or delay in receiving trial or other transcripts is not an "extraordinary circumstance" that prevents a habeas petitioner from filing a timely petition, and, thus, does not warrant equitable tolling. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750-51 (6th Cir. 2011) (explaining that the habeas rules require the state, not the petitioner, to "furnish the petitioner with the record once a habeas petition has been filed"). Similarly, a petitioner's pro se status or ignorance of procedural requirements "are not sufficient to constitute an extraordinary circumstance and to excuse his late filing." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (citing *Hall*, 662 F.3d at 751–52; *Winkfield v. Bagley*, 66 F. App'x 578, 583 (6th Cir. 2003)).

The Warden argues that Tolbert cannot establish entitlement to equitable tolling. (ECF 9 at 11, PageID #: 46). This Court agrees. Tolbert does not address equitable tolling. Tolbert notes in the instant petition that he believes the petition is timely and although the Warden raises timeliness in the return of writ as a reason for dismissal, Tolbert has not filed a response. Further, Tolbert's pro se status does not excuse his ignorance in the matter. *See Price v. Jamrog*, 79 Fed. Appx. 110, 112 (6th Cir. 2003) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.). As Tolbert fails to demonstrate that he has been pursuing his rights diligently and an extraordinary circumstance that stood in his way and prevented timely filing, he is not entitled to equitable tolling.

10

The AEDPA statute of limitations may be subject to equitable tolling through a credible showing of actual innocence. *Steward v. Wilson*, 555 F. Supp. 2d 858, 870–71 (N.D. Ohio 2006). "To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005) (quoting *Schlup v. Delo*, 513 U.S. 298 (1995)). "[I]n order to support an actual-innocence claim based upon new evidence, a habeas corpus petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Moses v. Hoffner*, 2014 U.S. App. Lexis 21120 (6th Cir. 2014) (quoting *Schlup,* 513 U.S. at 327). To rely on actual innocence, a petitioner must present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* (quoting *Schlup*, 513 U.S. at 316).

Tolbert claims that he is not guilty, while the Warden alleges that Tolbert has not included any new evidence to support his innocence. (ECF 1 at 2, PageID #: 2; ECF 9 at 11, PageID #: 46). Although Tolbert claims that mitigating and exculpatory evidence was withheld showing that the State's facts were erroneous (ECF 1 at 7, PageID #: 7), he does not provide any detail or explanation regarding said evidence. The Court agrees with the Warden that Tolbert provides no new evidence to support a claim for actual innocence.

Accordingly, because equitable tolling does not apply, I recommend that the Warden's motion to dismiss Tolbert's habeas petition as untimely be granted.

IV. **Certificate of Appealability**

A. **Legal Standard**

11

A habeas petitioner may not appeal the denial of his application for a writ of habeas corpus unless a judge issues a certificate of appealability and specifies the issues that can be raised on appeal. 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has interpreted this standard to mean that the "'petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The granting of a certificate of appealability does not require a showing that the appeal would succeed on any claim. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

### B. Analysis

When a petition is to be dismissed on a procedural basis, the inquiry under § 2253(c) is two-fold. In such cases, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 485. As the Supreme Court explained, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id*. at 486. If the Court accepts my recommendations, Tolbert will not be able to show that the Court's conclusion that his petition was untimely under 28 U.S.C. § 2244(d)(1) is debatable. Thus, I recommend that a certificate of appealability not be issued.

### V. Recommendation

Because Tolbert's petition was not filed within the one-year limitations period under 28 U.S.C. § 2244(d)(1) and because Tolbert is not entitled to equitable tolling, I recommend that the Court GRANT Warden Harold May's motion (ECF No. 6) to dismiss Tolbert's petition for writ of habeas corpus. I further recommend that Tolbert not be granted a certificate of appealability.

DATED: 8/27/2025

                                            *s/Carmen E. Henderson*
                                            Carmen E. Henderson
                                            United States Magistrate Judge

---

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).